## MORTON v. NOBLE and Others.

*A.* assigned to *B.* two promissory notes on *C.;* in consideration of which *B.* executed to *A.* his two promissory notes. Cotemporaneously with this transaction, a written agreement was entered into between the parties, by which *B.* undertook not to enforce the collection of *C.'s* notes, until the notes given by him to *A.* should be demanded in writing; and *A.* bound himself not to transfer *B.'s* notes. Suit by *B.*, alleging that *A.* had transferred his notes ; that *C.* was insolvent, and his notes worthless; and that he had made no effort to collect the same : offer to surrender the notes of *C.* to *A.*, and prayer, that his, (*B.'s*) notes might be surrendered and canceled.

*Held,* that the notes of *B.* were based upon a good consideration; and that the agreement between the parties did not make the liability. of *B.* to pay his notes dependent upon his enforcing the collection of the notes of *C.*

*Held,* also, that if either party had violated the agreement, an action would lie, by the other, to recover whatever damages he may have sustained; but such breach does not affect the right of the other party to the notes given or transferred to him.

*Held,* also, that *A.* could legally transfer the notes of *B.*, and the agreement could not affect the validity of the transfer.

APPEAL from the ·*Wayne* Circuit Court.

·*William S. T. Morton* sued *Lazarus Noble*, and the other defendants, alleging, in substance, that on *December* 31, 1857, the said *Morton* and *Lazarus Noble* entered into the following written agreement, viz.:

"*Whereas, Lazarus Noble* has this day assigned and transferred to *William S. T. Morton* two notes of *Thos. G. Noble*, calling respectively for $1,306.87, and $493.19, which are secured by mortgages on the farm of said *Thos. G. Noble;* in consideration whereof the said *William S. T. Morton* has executed to said *Lazarus Noble* his notes, of this date, as follows: $1,000 payable in 12 months, and $500 payable in 18 months. Now it is agreed between said *Lazarus Noble* and *W. S. T. Morton*, that said *W. S. T. Morton* is not to enforce the collection of said notes against the said *Thos. G. Noble*, or either of them, until the notes given by him to *Lazarus Noble*, as aforesaid, shall be demanded in writing. And if said *Morton* shall, at any time, enforce his claim against the farm aforesaid, he shall become liable to pay said notes for $1,500. The said *Lazarus Noble* binds himself not to transfer said notes, or either of them.

(Signed,)   "<i>Lazarus Noble.</i>

"<i>Willlam S. T. Morton.</i>"

"*December* 31, 1857.

It is averred that the notes, thus given by *Morton* to *Lazarus Noble*, have been transferred to the other defendants, who, as the plaintiff fears, will institute proceedings to collect them; that the two notes on *Thos. G. Noble* are of no value, the said *Thomas* being dead, his estate insolvent, and the mortgaged premises being insufficient in value to pay prior liens thereon; that the plaintiff has made no effort to collect the same, and he offers to surrender them up in exchange for his own notes. Prayer, that the notes thus given by *Morton* to *Lazarus Noble* may be surrendered and canceled, and that the defendants be restrained from transferring, &c.

A preliminary injunction was granted, which, on motion of the defendants, was dissolved, and a demurrer was sus-

tained to the complaint, and final judgment rendered for the defendants. The plaintiff appeals, and assigns these rulings for error.

We are of opinion that the rulings below were right.

The notes given by *Morton* to *Lazarus Noble* were based upon a good consideration, viz.: the transfer, by the latter to the former, of the notes and mortgage against *Thomas G. Noble*. The agreement between the parties, above set out, does not, as we think, make the liability of *Morton* to pay the notes given by him, depend upon his enforcing the collection of the notes against *Thomas G. Noble*.

If either of the parties to the agreement have violated its terms, an action may lie to recover whatever damages the other may have sustained thereby; but such breach does not affect the right of the other party to the notes thus given, and those thus transferred.

The notes thus given to *Lazarus Noble* could be legally transferred by him, and, if in making such transfer he has broken the agreement, he may be liable for damages; but the agreement could not affect the validity of the transfer.

*Per Curiam.*—The judgment below is affirmed, with costs.

*O. P. Morton, J. F. Kibbey, J. S. Newman* and *J. P. Siddall*, for appellant.

*Charles H Burchenal*, for appellees.`

(1.) Petition for rehearing filed *February* 5, 1861, and overruled *May* 21, 1861.

